## STEPHEN GOLD. — APPEAL FROM PROBATE.

A judge of probate ought not to reject an inventory, that contains property; the title to which is disputed; for his decision cannot affect the right of trying the title to property, at common law.

Mr. Benedict and Mr. Whittlesey, for the appellant, assigned the following reasons for their appeal:    That the appellant is one of the heirs of Hezekiah Burr, deceased; and that said Burr, in his lifetime, was well seized and possessed, in his own right in fee simple, of a certain tract of land, lying in Reading, in the county of Fairfield, containing about 160 acres, bounded, etc. and continued thereof so seized until his death, which happened, etc.    Upon the decease of said Burr, the said estate descended to the appellant, Sarah Jackson and others, heirs of the said deceased, and they be-

came thereof seized in fee.   At a court of probate, held at Danbury, etc. the appellant was duly appointed administrator on the estate of said Burr, he having died intestate.   And at a court of probate, held at said Danbury, on the 13th day of January, A. D. 1786, an inventory, made in due form of law, was by the appellant exhibited to said court; and the appellant, on such exhibition, did pray said court to admit proper proof of the same, and on such proof, to approve and record said inventory; and the said court did refuse to admit proof of said inventory, and did disapprove thereof.

Mr. Ingersol and Mr. Rowland replied, That said appeal ought to be dismissed; because all said lands mentioned and contained in said inventory, were by the intestate, during his life, granted and conveyed to the appellees, by deed of bargain and sale, signed, sealed, delivered, and duly acknowledged before proper authority, dated the 7th day of February, A. D. 1780, and during the life of the intestate was recorded according to law; by force whereof said appellees became seized in fee of all said land; and being so seized, still continue to be so seized thereof:   And that, at the time of the death of said Hezekiah Burr, he was not seized or possessed in fee of said land, and had not any interest therein; wherefore, the same could not be inventoried as his estate:   And that the appellees were, by the judge of probate, duly notified to appear, and show reason why said inventory should not be accepted:   And said appellees appeared before said judge, and claimed said land, at the same time said inventory was produced and offered for acceptance; and on exhibiting said deed, and reading the same to said judge of probate, he refused to approve of said inventory, and did disapprove thereof.

The appellant rejoined, that the intestate, at the time of executing said deed, was of unsound mind, and incapable of making any contract; and therefore said deed is void in law: And the appellant, at the time of exhibiting said inventory, offered to prove to said court, that the intestate, at the time of executing and delivering said deed, was of unsound mind and memory, and for want of understanding, incapable of making any contract or bargain; and the said judge refused to admit any such proof.

To this, there was a demurrer, and joinder in demurrer.

The exception was, that the Court of Probate ought not to accept or approve of an inventory, when it appears upon record, that the real estate so inventoried is claimed, and the title vested in some other person. The administrator had notified to appear, and show reason why said inventory to the Court of Probate; and whether accepted or refused, the administrator cannot afterwards be liable.

Mr. Benedict and Mr. Whittlesey, on the other side. The administrator being under oath to a faithful discharge of his duty, is supposed to know what is the proper estate of the deceased to be inventoried. The doings of the Court of Probate cannot affect the title; therefore, no one is injured by having estate inventoried which he may claim. The administrator ought to be careful to inventory the whole estate of the intestate, for his own security against the creditors, and to save his bond, as well as to prevent the heirs (if any) from recovering judgment in their own right, of the estate, and thereby exclude it from the hands of the administrator.

The decree of the Court of Probate reversed. And,

By the whole Court.   It was the duty of the administrator to exhibit an inventory of all the estate, real and personal, that he had reason to suppose belonged to the intestate:   And if any part of said estate is claimed by any other person, the parties have right to try the title at common law, and cannot be concluded by the judgment of a Court of Probate.   In case the estate belonged to the intestate, the administrator could not prosecute his claim, or apply the property for the payment of debts (if necessary) until it was inventoried.   To inventory the estate here objected to, might be necessary for the administrator, to comply with his duty and trust, and could be prejudicial to no one else; the inventory he offered, ought therefore to have been received, and the Court of Probate erred in rejecting it.